argument not to exceed 15 minutes per side. Mr. Miller, you may proceed for the appellant. Thank you. Good morning. May it please the court, I would like to reserve four minutes for rebuttal. We believe that the Honorable Trial Court does not have the authority to decide whether or not to committed several error on several points. First, we believe that the Honorable Trial Court improperly entered summary judgment dismissing our contention that $160,000 owed to my client Rebecca Bailey, the appellant in this case, plus accumulated interest was non-dischargeable as fraud or defalcation committed while in a fiduciary capacity. Basically, the law has defined defalcation to encompass embezzlement, misappropriation, or failure to properly account for the funds. We don't think there's any doubt that all of that was shown in this case. All of the elements of fraud or defalcation in a fiduciary position were present. There was a pre-existing fiduciary relationship. There was a court order from the state court which established a fiduciary relationship, ordered the funds to be held in an account, ordered the debtor to hold the accounts, ordered the debtor not to dispose of the accounts, or actually ordered all parties, including the debtor, not to dispose of the funds in any fashion without another court order. Counsel, the trial court found deficiency in your cause of action because the money hadn't actually been set aside. How do you respond to the trial court's decision in that respect? With all due respect to the Honorable Trial Court, Your Honor, I believe that that is a black letter error of law. And I cited to the court the case of Blazak, N. Ray Blazak, 397 F. 3rd, 386, a 2005 case. That case, if I recall the facts correctly, it was basically what I would call a title opinion lawyer, a title insurance lawyer case. In that case, the court held and specifically recognized that the fact that there was an agreement for the premiums or the funds that were to be collected, the court specifically held that that was a sufficient trust res to accumulate the fact that there were funds to be collected, that was sufficient trust res for the purpose of defalcation. In our case, Your Honor, there's no question. He admitted that Mr. Bailey admitted receiving the funds. Before you get to the funding piece, don't you have to have an intent to create the trust? And where is the intent to create the trust here? The intent to create the trust, Your Honor, is in the court order. Was that court order before the trial court, the bankruptcy court, when it wasn't summary judgment, was it? It was judgment on the pleadings under 12C? Yes, Your Honor. And so was that order in front of the court at that time? The order from the trial court? Yes. Oh, yes. The order from the trial court was 2014. Was it in the record before the bankruptcy court at the time that the bankruptcy court dismissed the A4 claim? It was, Your Honor. Where in that record? Isn't there a divorce decree and then a prior order of the court setting up the requirement to segregate the funds? Yes, Your Honor. In that prior order, I said 14. It was actually 2013. August 22nd, 2013. I'm sorry I can't call you a page, but it was through our pleadings. It was attached to our motion for summary judgment as an exhibit. It was attached to our proof of claim. I think that that order was clearly before the court and the court actually addressed the order. And then the order of the bankruptcy trial court which granted judgment on the pleadings was actually, I believe, in 2022. Let me ask you this. With regard to both the A4 and the A5 counts, the bankruptcy court had to determine the intent of the trial court with regard to creation of a trust for the A4 account and whether the divorce decree was intended, the judgment for 160 was intended to be a DSO. The trial court, you just told me that both of those orders, one reflecting the A4, as you say, and one reflecting the A5 foundational document, those two court orders, you say those were before the court. What other than the four corners of the document is the bankruptcy court supposed to look at to determine the intent of the trial court when it's not an agreement? If you look at the divorce judgment which the judge entered, he said and he chastised and he criticized Mr. Bailey and basically said, I ordered this money to be held, basically saying I ordered this money to be held in a trust and you didn't do it. And you've provided no accounting since for $320,000. And he said because you didn't do that, I'm going to get because you didn't do what I told you to do, I'm going to give her judgment against you for half of that $320,000 which is 160,000. Am I hearing you to say that the divorce decree, the trial court, the state court's determination in the divorce decree reflects that court's intent as to the original order that you say created the trust? Yes. Alright, let's move on to A5 if we could. We have a divorce decree that was attached to your original complaint. The operative complaint is the amended complaint. What other than the divorce decree itself might the bankruptcy court have considered to determine the intent of the trial of the state court with regard to whether the judgment was a support obligation? I don't know that there was anything else. I mean the divorce proceedings created the trust. The divorce proceedings tried to enforce the trust. And the divorce proceedings at the end of it acknowledged that the trust had not been. I'm sorry, I'm talking not about the trust now, but the A5 count concerning whether the judgment was a support obligation. So with regard to that, what other than the divorce decree which was definitely in front of the bankruptcy court at the time of the ruling, what other than the four corners of that document might the bankruptcy court even look to to determine the intent of the state court? I think that had we been permitted to present evidence on that, your honor, some of the evidence that we did present would have been relevant on that. Particularly, Mr. Bailey acknowledged that he had used the funds which he received but did not put into the business account as ordered. That he used that to pay the expenses for where he and his girlfriend were living. Wasn't that in the divorce decree? Wasn't there some acknowledgement in the divorce decree that the funds had been used that were supposed to have been segregated had actually been used for his own support? How does that reflect then that it's actually support for her? The judgment. Well, if I understand your question as to what evidence we could have presented or as to what else the court could have considered, we would have liked to have pointed out to the court that this money that first of all, Mr. Bailey acknowledged and it's in the trial transcript that he used it to pay his everyday living expenses to support him and his girlfriend. She would have liked to have had that same opportunity to use that money to support herself. She would have testified that she had no other means of support. How does her desire to use the money to support herself reflect what is at issue which is whether the state court intended the judgment to be support? And I think that interpretation is ascertainable from the judgment itself. These folks had been married I believe almost 37 years. Well, you just disagree with the trial, with the bankruptcy court's interpretation of the four corners of the document. But the bankruptcy court has an obligation under the law to determine the state court's intent and isn't the four corners of the document when there's no agreement. Isn't that the deciding document? It is, Your Honor, except that again it was decided in summary fashion. We were not permitted to present evidence on that case. The only reason I included that point in the appeal was because we think that the law requires the trial court to look at all the underlying facts and circumstances in determining, and not just how supported, not just how a debt is labeled, but to look at the underlying facts and circumstances. And the reason we included that was, and the trial judge may have had a trial and still decided it that way, but we don't know because she didn't have a trial. But you agree that the bankruptcy court's job here for A5 determination is to determine the state court's intent with regard to the judgment as to whether it was intended to be support. That's true? Yes, Your Honor. And so I think I've just heard you say that the document itself, you disagree about how it should be interpreted, but the document is the evidence of the state court's intent. This is not an agreement, so the party's intent really is not material, is it? I'm sorry? It's not an agreement. No, it definitely was not an agreement. So what the party's intended doesn't matter, it's what the state court intended, correct? Yes. And that's evident or not from the four corners of the divorce decree, is it not? It is evidence, but I also think, and I cited some law from other circuits, that the court is required to consider the underlying facts and circumstances, not merely how something is labeled in the judgment. I see your time's up, but I really want to hear what you have to say to this. The underlying facts and circumstances, what underlying facts and circumstances concerning the state court's intent in the divorce decree could be presented? You're not going to call the state court judge to trial, right? No, I probably would not, Your Honor. So what other facts and circumstances would be evidence of the state court's intent? As far, I think the fact that the judge gave a substantial judgment, that he set a very nominal maintenance award of $250 a month after a 37-year marriage based upon the fact that there was a substantial property settlement award. And it was obvious from reading the judgment that the judge was offsetting those two. But again, that's the four corners of the document, not extra evidence that you might present at a trial. And that document was in front of the bankruptcy court. So still, what you've just said to me is an argument based upon the four corners of the document, right? You know, I guess again the question, Your Honor, if it's limited to the four corners of the document, I mean, I would certainly concede that the judgment, the document says what it says. It speaks for itself. I guess that the issue that I was trying to raise when I was trying to say to the court was that the honorable trial court should have given us an opportunity to delve into the underlying facts and circumstances. And the underlying facts and circumstances in this case being the failure to basically make any real maintenance award. The failure to otherwise provide for my client's support, for my client's ability to provide for her daily needs. Basically, what she got was a piece of property. He got the business. He got the other piece of property. And my client got a debt or a judgment which she now can't collect on. And the point that I was trying to raise was that rather than go by what labels or titles or the plain language may have been used in the judgment, which I fully concede obviously says what it says, that it's appropriate to, it should have been explored as to the underlying facts and circumstances. Yes ma'am. Thank you. Now am I out of time or can I go to my other points or am I finished? You're out of time except you did reserve some time and I'm okay to let you have those four minutes still at the end. Thank you. So thank you very much. Counsel? Good morning Your Honors. Attorney Bruce Blackburn on behalf of the debtor Stephen Bailey, the appellee herein. It's a pleasure to be before you. It's my first time to be in this courtroom I believe or maybe even in this building. About the only thing that I can really add in listening to the questions that have been asked, I can tell that Your Honors have all well read the record. Essentially this was the case where we filed a Chapter 13 on behalf of Mr. Bailey based on the divorce decree. With the intent when we filed the motion for judgment on the pleadings there had not been any discovery taken. Judge Gufteson, you had asked the question about well is there two orders that's effective. Well there was the apparently in the divorce case and I didn't have the privilege of representing Mr. Bailey in the underlying family law case, but apparently he was in the interim ordered to do something and it's acknowledged that he didn't put the monies from his revenues generated from his roofing business in the account. Alright, so my understanding is that there are two orders here that are in issue. One is the October 21, 2013 order and the divorce decree. Those are two separate orders? Yeah, there would be two separate orders and if memory serves I'm not looking at them. I believe that the plaintiff in their adversarial complaint attached them to the exhibits of which we admitted to the accuracy of all of those documents. So if the complaint actually didn't reflect anything other than the divorce decree and not the August 21 order, then that wouldn't be something that the court would have had in front of them when they were deciding the issue of judgment on the pleadings. I'm trying to think what you just asked. If that order wasn't before the court? Yes. Okay. I would agree. I would agree. Is there something deficient about the complaint then? Because that's what would have been in front of the court if the first order that allegedly set a trust, if that was not in front of, it's not in the bankruptcy court record as of the ruling under 12C. Okay. So what then matters is the complaint. So how does the complaint fail to allege sufficient facts under A4? It alleges that there was an order and that that order created a trust and that he didn't use the funds as directed by that order. Right? So where is the failing in the complaint under A4? Well, we're determining the allegations. Since the allegations are piggybacked on the attached decree and the four corners of the decree, it goes together. And so I understand where the court's coming from, but the allegations just simply don't match up as the court addressed that in the motion that was filed on behalf of Mr. Bailey in the adversarial hearing for judgment on the pleadings because the pleadings themselves, not only do they have the allegations, but they also contain the attachments. And it was that divorce decree that was the tantamount issue because Ms. Bailey, when they got through with the divorce decree, she files a judgment lien there afterwards in the county of Greenup, in the records of Greenup County, which is what Mr. Bailey is addressing in his Chapter 13 plan. And I did attach for your all's review, and you probably had a copy of it, but I went ahead and put it in the appendix of what we're attempting to do in addressing the judgment lien as we would in any other typical Chapter 13 case when there's judgment liens that need to be addressed. Do you take the position that there wasn't a trust race? That seems to be the premise of the trial court's decision. Correct. As I was reading, rereading what our trial judge established under the components to have basically defalcation, you have to have an express trust, not an implied. And I believe the court has correctly interpreted the decree that there was no express trust, there was no express trustee. How does the decree, the decree is not the document that the, Mrs. Bailey alleges created the trust. It's another document, another order that predates the decree that was in fact not attached to the complaint. Well, my response to that would be that was an interim order that was not, I'm going to go as far as to say I do not believe would have been a final and appealable order. It was just something he was ordered to do to help keep track of his business revenues for the court to at some point determine what the value of the business was. So once that wasn't done, the court then addressed that fairly thoroughly in the divorce decree as we've all had before us and had the opportunity to read. You've said that there has to be an express trust, but we're Michigan and we have all sorts of statutory trusts and some courts will recognize the PACA trust as a technical trust. Why isn't a technical trust good enough to support A4? Why does it have to be express? And I think what you're saying was express is, again, there was no agreement here as anybody I guess who was involved in the proceedings below knows there was no agreement. So is an express trust or a technical trust enough? Well, it would have to, as the court addressed, and I'm trying to look for the case that the court actually cited in this, as the court stated. The plaintiff's allegations are nothing more than labels and conclusions with respect to the establishment of any kind of a trust. There are no facts to allege supporting the existence of an express trust or the trust re, both the complaint and the decree reference an account that was neither established nor funded. Thus, as pled, it's not plausible for the plaintiff that she can show an express trust was created since there was no required trust re. I'm just looking to see what the case law was. The allegation though of the complaint is that the debtor was required by a court order, the one we've been talking about that was not in front of the judge at the time, to deposit in an escrow account and to hold in a fiduciary position funds that the debtor in fact failed to so hold in trust. Those are the allegations. How are those mere conclusions? Okay. Again, my answer would be, and I feel like I'm repeating myself, but I think that you can make those allegations, but since the documents that were attached with the complaint, the adversarial complaint itself, is relying on one, a judgment lien that was attached as one of the exhibits. The judgment lien is based on the court's actual, the family law trial court's actual decree, which is the basis of the debt, the actual debt, because any preliminary orders is really not the debt. Are you saying that any time parties go to state court pre-petition and there's been a trust, let's say a trust was established and they go to state court and they get a judgment for the breach by the fiduciary, that when that comes to bankruptcy court, because the judgment was remedied, what was the trust issue, it remedied that breach of the fiduciary duty and the defalcation, then what you have in the bankruptcy court is a mere judgment that doesn't establish the requirements of 523A4? That's an interesting question. Does a judgment on a breach of fiduciary duty wipe away the breach of the fiduciary duty? I think we have to give some consideration to is it a final and appealable order that was establishing it and anything that was done prior, again, as the trial court, I believe, correctly found, there was no express trust. I think, Your Honor, Judge Dales, you indicated you have other things in Michigan. Well, in Kentucky, I'm not aware, since this was a Kentucky state court, I'm not aware of establishing trust any other way than what our statutes require. In this particular one, there is no reference in the earlier order nor in the final decree of any type of implied trust. You would have to, you've got to speculate or maybe even take additional evidence with respect to that if that's what the judge does. Your Honor, Judge Balknot, I believe you had indicated that we're not going to be calling the family law judge. In fact, that was a special judge that was assigned. It wasn't a normal judge out of Greenup County that's the elected official for that position. Apparently, he had recused. I'm not sure why. As I said, I wasn't privileged into it. I know Mr. Miller was very intimate with it because he represented this adversarial plaintiff at the time in the divorce case himself. I'd like to switch gears, if we could, a little bit on the question of the equitable lien. Okay. And, you know, when I'm approaching this, the briefs and the complaint in the matter, it strikes me that the plaintiff is trying to protect against having to forfeit some portion of her real estate in accordance with the divorce court's decree and not be able to collect the $160,000. In other words, there are offsetting claims here. Is that an accurate reading of the facts? In other words, he's got a claim against her under the divorce decree for some portion of this property, and she's got a claim against him for $160,000. Why isn't that a right of setoff? And if it is, how do we square that with the provisions in the code dealing with setoff? Specifically, 553 and 506. I'm not sure we'll be able to adequately answer that because I'm trying to understand what the heart of the question is. The heart of the question is she's trying to protect. She's saying I should have equitable remedy so that I don't have to lose my portion of the house and then not be able to collect from him. That's really, I think, what she's saying with respect to the so-called equitable lien. I think the bankruptcy trial court in the adversarial has correctly ascertained that the bankruptcy court, due to the bankruptcy code, is being asked by the plaintiff to establish an equitable lien. But there was no equitable lien given in any of the orders that have been tendered before the court and that were attached to the pleadings. What we've got is, I mean, we can argue equities, but equities, what's the phrase being equities, what equities are? I understand that, but we're looking at the law and what bankruptcy laws allow a debtor to do in the bankruptcy, and that is to take a judgment lien. I've had trouble understanding the equitable lien issue from the get-go. The only time I could see that being anywhere near plausible is if my client goes back into family law court and asks her to be held in contempt of court for not conveying this property because it was, if I understand, if I recall, the actual divorce decree that was not and it was to be given back to her. She didn't argue that in the underlying case, so the divorce decree itself said this is to go back to you. This is my client's residence. It's the residence of which we are basing the equity that he has in it that's non-exemptable to deal with under 3.5, the avoidance of the judicial lien statute. Does the bankruptcy court's ruling that it can only enforce and not impose an equitable lien preclude Ms. Bailey from raising an issue of offset or some other, maybe a motion for relief from stay to go back to the state court to ask for imposition of an equitable lien? Is Ms. Bailey stopped, essentially, from raising alternative theories because all we have here is the bankruptcy court saying I can only enforce, I cannot impose an equitable lien? Very well may be, but if she had to go back to state court, then I think it would be an uphill battle to have to go back into the court because once you have a final and appealable order, you've got a final and appealable order and you can't go back and try to do things in the underlying state court case. You're limited certainly on property dispositions, which is what this is. It's a property disposition decree. That's the way we've addressed it in the bankruptcy of listing the creditor, and I believe we've accurately done that in the creditor's petition for bankruptcy relief in his plan. I believe we've addressed everything. I've done these a number of times. This is the first time I've had this type of counter arguments on objecting to the dischargeability as a non-dischargeable debt. That's why you file for Chapter 13 relief, not 7. What's the current status before the bankruptcy court? We still don't have a confirmed plan. We don't have a confirmed plan yet. In fact, I'm working on it. I see I'm out of time. Please go ahead and tell us. I've had to change software and getting the software to work from we used SIN Compass, and now we're having to use BestCase. Apparently it's the same company, and I'm pretty upset with the provider of it because we're calling to get some technical support questions answered. If you're sixth in line, we would like for in 24 hours we'll give you a call back. I've got clients that we need to get filed on to prevent them from getting garnished. You're just waiting to craft what I assume is an amended plan to submit to the court after the court has now valued the property at $125,000. Yes. So you're incorporating that value in your plan provisions. That is actually, there's a draft of that already ready to be filed. I would have intended that it already would have been filed because it had contingencies in it in the special provisions concerning, depending on how this court rules. Alright, thank you. Your Honor, if you'll please, I will just for my rebuttal, and I'll try to move quickly, but a couple of things I wanted to address. I would just refer one more time to the Blazack case, which I believe is dispositive of the issue of whether or not there were sufficient trust risks. I believe that that case says that there was in this case. Moving to the point of equitable lien, I would just like to briefly, and I cited the landmark Kentucky case, and the reason that this comes up is, if I understand it correctly, the state law decides the property issues, and the law in Kentucky on equitable lien, the landmark case, and the magic words under state law on equitable lien exists when out of general consideration of right and justice. And those three words are the magic words of right and justice as applied to the relations of the parties and the circumstances of their particular case in good conscience warrant the declaration of a lien. The declaration of a lien? Yes, Your Honor. By the state court? No, Your Honor, the declaring of the lien, the declaration of a lien. It does not require an express declaration. It doesn't require a document. Kentucky law is quite clear on that, I believe. All we're asking, and our equitable lien argument comes down to this, and I'm not ashamed to admit my own ignorance. In divorce court in this case, you had a family court judge and two lawyers that were totally unschooled and uneducated in bankruptcy law, including myself, Your Honor. And so the trial court enters a judgment and says, okay, I'm going to give these people a divorce. I'm going to give Mr. Bailey the business. I'm going to give Mr. Bailey this piece of property. I'm going to give Mrs. Bailey this piece of property. Mr. Bailey, because you took all this money that should have went into this account, and you can't account for $360,000, I'm going to give her judgment for half of that, or excuse me, $320,000, half of which would be $160,000. And we view it as all one transaction, Your Honor. And what we're saying to this court with our equitable lien argument is that they cannot be permitted to then go to another forum, the bankruptcy court, and say, okay, we're going to accept this part of the judgment. We're going to accept the part of the state court judgment that gives us the business. We're going to accept the part of the state court judgment that gives us this property, but oh no, we're not going to accept this part that we have to pay her money. And we're saying that we assert an equitable lien for all the money that she's entitled, and that we're entitled to that because it's all one transaction. This is not a case where we're asserting an equitable lien on his general assets. We're asserting an equitable lien all on assets out of this same transaction. The dissolution of their marital partnership, which was done in the divorce court. That's the basis of our equitable lien argument. Moving on, Your Honor, it looks like I have 37 seconds on the issue of embezzlement. I would say to you that all of the elements of embezzlement were met in this case. The standard, I believe, is clear error on the evidentiary issues. If a mistake was made under the law of this circuit, I believe if a mistake was made, that's clear error. Considering the facts that we set forth of the husband and the girlfriend taking over the business when this money was taken, the fact that when he was finally arrested, she posed $10,000 cash to get him out of jail. If you look at all the facts I cited in the record, a mistake was made. Therefore, clear error existed on the issue of embezzlement. I thank the court very much.